## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW MASSARELLI & MICHELLE MASSARELLI, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-266-KAJ |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

## OPENING BRIEF IN SUPPORT OF DEFENDANT
## THE UNITED STATES' MOTION TO DISMISS
## COUNT V CLAIM OF PLAINTIFF MICHELLE MASSARELLI

COLM F. CONNOLLY
United States Attorney

Seth M. Beausang
Assistant United States Attorney
Delaware Bar I.D. No. 4071
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Seth.Beausang@usdoj.gov

Dated:  October 7, 2005

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

NATURE AND STATE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT
      I.     Plaintiffs' Count V Claim Of Plaintiff Michelle Massarelli Should
            Be Dismissed For Lack Of Subject Matter Jurisdiction  . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE**

*Dondero v. United States*
      775 F.Supp. 144 (D.Del. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Frantz v. United States*
      791 F.Supp. 445 (D.Del. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Gleason v. United States*
      458 F.2d 171 (3d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Keen Corp. v. United States*
      700 F.2d. 836 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Muth v. United States*
      1 F.3d 246 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Palay v. United States*
      349 F.3d 418 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Rucker v. United States Dep't of Labor*
      798 F.2d 891 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Walker v. United States*
      471 F.Supp. 38 (M.D. Fla. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**AUTHORITIES**

      28 U.S.C. § 1346(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      28 U.S.C. § 2401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      28 U.S.C. § 2675 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      28 U.S.C. § 2679 (d)(5(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs originally filed this action in Delaware Superior Court on August 27, 2003.  The United States removed the action to this Court on October 9, 2003.  On April 1, 2004, this Court dismissed Plaintiffs' action pursuant to the parties' stipulation so that Plaintiffs could exhaust their administrative remedies.  (*See* Stipulation of Dismissal, filed April 1, 2004, attached as Exhibit A.)  Plaintiffs filed an administrative claim on April 28, 2004, which stated a single claim – Andrew Massarelli's claim for his alleged personal injuries, "including but not limited to, neck and back injuries and headaches."  (*See* Claim for Damage, Injury or Death - Standard Form 95 (attached as Exhibit B) identifying Andrew Massarelli as the only claimant and only one claim for alleged personal injuries.)[1]  Plaintiffs did not submit an administrative claim for Michelle Massarelli's loss of consortium claim.  (*Id.*)

Andrew Massarelli's claim was finally denied by the Department of Transportation on November 15, 2004.  (*See* Exhibit C.)  Plaintiffs filed this action on May 4, 2005.  This is Defendant's Motion to Dismiss Plaintiffs' Count V, Michelle Massarelli's claim for loss of consortium.  Because Michelle Massarelli's claim was not presented in writing to a Federal agency, it should be dismissed for lack of subject matter jurisdiction.

---

[1]This Court can consider Plaintiffs' administrative claim – which is referenced in the Complaint (Compl. ¶ 3) – in deciding this Motion to Dismiss. *See, e.g.*, *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (noting that an FTCA administrative claim form can be considered in a motion to dismiss for failure to exhaust administrative remedies).

## SUMMARY OF THE ARGUMENT

1.      Plaintiffs failed to exhaust available administrative remedies with respect to Michelle Massarelli's loss of consortium claim before filing that claim in this Court.  Therefore, that claim should be dismissed for lack of subject matter jurisdiction.  Because Plaintiffs failed to submit that claim within sixty days after their original action was dismissed, the claim is barred by the statute of limitations.

**ARGUMENT**

**I.    Plaintiffs' Count V Claim Of Plaintiff Michelle Massarelli Should Be Dismissed For Lack Of Subject Matter Jurisdiction**

Plaintiffs acknowledge that their Complaint is a tort action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq (the "FTCA").  (Compl. ¶ 3.) This Court has jurisdiction to hear tort claims against the United States only to the extent that the United States has waived its sovereign immunity to such claims pursuant to the FTCA.  *See* 28 U.S.C. § 1346(b)(1); *see also Gleason v. United States*, 458 F.2d 171, 173 (3d Cir. 1972) ("Tort actions against the United States must be brought under the [FTCA].  There must be compliance with the act before a court can take jurisdiction.").

"An explicit, mandatory condition for waiver of immunity to occur is that a written claim be presented to the 'appropriate Federal agency.'" *Dondero v. United States*, 775 F. Supp. 144, 147 (D. Del. 1991) (citing 28 U.S.C. §§ 2401 & 2675); *see also Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983) ("The requirement that a notice of claim be filed is jurisdictional and cannot be waived.  Moreover, because the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly."); *Frantz v. United States*, 791 F. Supp. 445, 447 (D. Del. 1992) ("This Court's subject matter jurisdiction depends upon the filing of a proper 'claim,' one which gives notice as to the nature/amount of the claim and, if filed on behalf of another, evidence of representative authority.").

If there are multiple claimants in an FTCA case, "each claimant must 'individually satisfy the jurisdictional prerequisite of filing a proper claim.'" *Muth v. United States*, 1 F.3d 246, 249

(4th Cir. 1993) (quoting *Frantz*, 791 F. Supp. at 447). To be valid "the form must give 'constructive notice' sufficient to warrant [government] investigation of each claim." *Frantz*, 791 F. Supp. at 447-48.

Here, Plaintiffs submitted only one administrative claim form to the Department of Transportation which stated a single claim – Andrew Massarelli's claim for his alleged personal injuries, "including but not limited to, neck and back injuries and headaches." (*See* Claim for Damage, Injury or Death - Standard Form 95 (attached as Exhibit B) identifying Andrew Massarelli as the only claimant and only one claim for alleged personal injuries.) Plaintiffs did not submit an administrative claim for Michelle Massarelli's loss of consortium claim. (*Id.*) Accordingly, Plaintiffs' loss of consortium claim should be dismissed for lack of subject matter jurisdiction. *See Dondero*, 775 F. Supp. at 148-49 (dismissing loss of consortium claim against the United States for lack of subject matter jurisdiction because the plaintiff did not first file a separate administrative claim for loss of consortium); *see also, e.g., Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893-94 (6th Cir. 1986) (FTCA's jurisdictional requirement not satisfied for wife and children of a tort claimant where claimant's administrative claim fails to identify them as claimants); *Walker v. United States*, 471 F. Supp. 38, 42 (M.D. Fla. 1978) (husband's administrative claim did not satisfy the filing requirement for his wife's personal injury claim for loss of consortium), *aff'd*, 597 F.2d 770 (5th Cir. 1979).

Nor could Plaintiffs submit an administrative claim for Michelle Massarelli's loss of consortium claim at this late stage in the proceedings. Plaintiffs' case has already been dismissed once for failure to exhaust administrative remedies under the FTCA. (*See* Exhibit A.) Pursuant to 28 U.S.C. § 2679(d)(5)(B), Plaintiffs had 60 days after their case was dismissed to present

-4-

their claims to the appropriate Federal agency.  Given that it has been over a year and half since

Plaintiffs' case was first dismissed for failure to exhaust, Michelle Massarelli's loss of

consortium claim is now clearly time-barred.[2]

---

[2]Michelle Massarelli's loss of consortium claim is also time-barred under 28 U.S.C. § 2401(b), which requires that a tort claim against the United States be presented to the appropriate Federal agency within two years of its accrual.  Michelle Massarelli's claim accrued the day her husband was allegedly injured, September 5, 2001.  Accordingly, the date by which Michelle Massarelli had to submit her administrative claim has long past.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Count V, Claim of Michelle Massarelli, should be dismissed for lack of subject matter jurisdiction.

DATED:  October 7, 2005

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:     /s/Seth M. Beausang
     Seth M. Beausang
     Assistant United States Attorney
     Delaware Bar I.D. No. 4071
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Seth.Beausang@usdoj.gov

EXHIBIT A

⑦

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANDREW MASSARELLI & MICHELLE     :
MASSARELLI                     :       C.A. No.: 03-941-SLR
                                    :
       Plaintiffs,               :
                                      :
v.                                        :
                                    :      <u>JURY OF TWELVE DEMANDED</u>
UNITED STATES OF AMERICA        :
      Defendant.             :

### STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE

      IT IS HEREBY AGREED AND STIPULATED by and between, plaintiff and Defendant

that the above captioned civil suit against the United States of America shall be dismissed

without prejudice pursuant to 28 U.S.C. section 2675 (a) to allow plaintiff to present a claim to

the United States Department of Labor and pursue administrative remedies under 28 U.S.C.

section 2401 (b).


_____          _____

WILLIAM F. JAWORSKI, JR.                    PAULETTE K. NASH
1679 S. DuPont Highway                      U.S. Department of Justice
P.O. Box 854                                    1007 Orange Street, Suite 700
Dover, Delaware 19903                      P.O. Box 2046
(302) 730-8511                              Wilmington, DE 19899
Attorney for Plaintiff                      (302) 573-6277
                                       Attorney for Defendant


It is Hereby ORDERED on this \_\_\_1st\_\_\_ day of \_\_\_April\_\_\_ ,2004

_____
Judge

# EXHIBIT B

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| US Department of Transportation<br>    Office of General Counsel - Litigation<br>400 7th Street, SW<br>Washington, DE 20590 | Claimant - Andrew Massarelli       Attorney: William F Jaworski Jr<br>        201-A Franklin St.                          P.O. Box 854<br>        Harrington, DE 19952                  Dover, DE 19903 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 8/11/71 | Married | 9/5/2001 Wednesday | 10:25am |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

This claim is being presented pursuant to 28 USC Section 2679 (d)(5)(B). Phillip Nguyen, an employee of the Department of Transportation, while in the course and scope of his employment negligently struck the vehicle of Andrew Massarelli on the above referenced date causing serious personal injuries to Andrew Massarelli including but not limited to, neck and back injuries and headaches. The motor vehicle collision occurred in Dover, Delaware. See attached police report

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State. and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant has permanent neck and bck injuries as a direct result of the collision. Please see attached medical records.

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS** *(Number, street, city, State, and Zip Code)* |
| Jeffrey McCarthy | 860 Butner Place, Dover, DE 19901 |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | $250,000.00 | | $250,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* SEE Attached POA | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *William Jaworski*<br>WILLIAM F JAWORSKI, Attorney for Claimant. | 302-730-8511 | 4-28-04 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109<br>Previous editions not usable.<br>Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
 Civil Division
 U.S. Department of Justice
 Washington, DC 20530

and to the
 Office of Management and Budget
 Paperwork Reduction Project (1105-0008)
 Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  [X] Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  [ ] No

Claimant was a passenger in a work vehicle owned by the City of Dover, Delaware and his personal insurance would not apply to this claim.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| no | n/a |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

19. Do you carry public liability and property damage insurance?  [ ] Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  [X] No

SF 95 (Rev. 7-85) BACK

# EXHIBIT C



U.S. Department
of Transportation

**Research and
Special Programs
Administration**

Office of the
Chief Counsel

400 Seventh Street, S.W.
Room 8407
Washington, D.C. 20590

Phone: (202) 366-4400
Fax: (202) 366-7041

November 15, 2004

BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED

William F. Jaworsky, Esq.
1679 S. Dupont Hwy., Suite 9
P.O. Box 854
Dover, Delaware 19903

Re: Your client Andrew Massarelli (policy #098097576)

Dear Mr. Jaworski:

     This letter is in response to the tort claim you submitted to the Department of
Transportation on behalf of your client Andrew Massarelli, under the administrative settlement
provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The claim arose from a car
accident that occurred on September 5, 2001 where you allege your client sustained personal
injuries. Your letter dated May 6, 2004 was referred to the Research and Special Programs
Administration (RSPA), an agency within DOT, because the car accident involved a RSPA
employee.

     In a previous letter addressed to you dated October 6, 2003, you were advised that this
matter is being handled by the insurance carrier for Budget Rent A Car. Per the U.S.
Government Car Rental Agreement, any time a U.S. government employee is involved in a car
accident while acting within the scope of employment, the car rental company is responsible for
any damages to the rental vehicle, as well as any third party damage and injuries, regardless of
whether there was negligence on the part of the government employee. Budget is a signatory to
the U.S. Government Car Rental Agreement. Therefore, you should seek redress with Budget's
insurance carrier, Lancer Insurance Company. The telephone number for Lancer is 516-349-
8888, and their claim number is 1206477. A copy of the October 6, 2003 letter is attached.

     Notwithstanding the fact that you have not established a valid tort claim, I have reviewed
the information provided and have concluded that you have failed to demonstrate any negligent
or wrongful act or omission on the part of an employee of the Agency, as required in order for a
claim to be granted under the Federal Tort Claims Act. Accordingly, the claim is denied. This
letter constitutes a final denial of your claim for purposes of 28 U.S.C. § 2401(b) and 28 C.F.R. §

14.9.  If you are dissatisfied with this determination, you have the right to file suit in an appropriate United States District Court within six months of the date of the mailing of this letter.  If you need any additional information, you may contact Paul Sanchez of my staff at 202-366-8099.

Sincerely,

Elaine E. Joost
Chief Counsel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **October 7, 2005**, I electronically filed a **OPENING BRIEF IN SUPPORT OF DEFENDANT THE UNITED STATES' MOTION TO DISMISS COUNT V CLAIM OF PLAINTIFF MICHELLE MASSARELLI** with the Clerk of Court using CM/ECF which will send electronic notification of such filing to the following:

**William Francis Jaworski, Jr.**
The Law Office of William F. Jaworski, LLC
1274 S. Governors Ave.
Dover, DE 19904
(302) 730-8511
Fax: (302) 730-8510
wjaworski@wfjlaw.com

COLM F. CONNOLLY
United States Attorney

By:   /s/Seth M. Beausang
       Seth M. Beausang
       Assistant United States Attorney
       Delaware Bar I.D. No. 4071
       The Nemours Building
       1007 Orange Street, Suite 700
       P. O. Box 2046
       Wilmington, DE 19899-2046
       (302) 573-6277
       Seth.Beausang@usdoj.gov