IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW MASSARELLI & MICHELLE MASSARELLI, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> BUDGET RENT A CAR CORPORATION and JEFFREY McCARTHY, <br><br> Third Party Defendants. | Civil Action No. 05-266-KAJ |

## COMPLAINT AGAINST THIRD-PARTY DEFENDANTS

1. Plaintiffs Andrew Massarelli and Michelle Massarelli have filed a Complaint against Defendant/Third Party Plaintiff United States, a copy of which is hereto attached as Exhibit A.

2. The United States brings this Third Party Complaint against Third Party Defendants Budget Rent A Car Corporation and Jeffrey McCarthy to recover any damages awarded to Andrew Massarelli and/or Michelle Masserelli pursuant to their Complaint. This Court has jurisdiction over the United States' Third Party Complaint pursuant to 28 U.S.C. § 1345.

## COUNT I
### (Indemnification Against Budget Rent A Car Corporation)

2.  To the extent the United States is found liable to Andrew Massarelli and/or Michelle Masserelli for damages, the United States is entitled to recover such damages from Third Party Defendant Budget Rent A Car Corporation under the terms and conditions of the "U.S. Government Car Rental Agreement Number 2."

## COUNT II
### (Contribution Against Jeffrey McCarthy)

3.  On September 5, 2001, at approximately 10:25 a.m., on Fairview Avenue in the City of Dover, Andrew Massarelli was a passenger in a vehicle driven by McCarthy.

4.  At the aforesaid time and place, McCarthy drove his vehicle to the left and then suddenly turned right and collided with a vehicle driven by Phillip Nguyen.

5.  The proximate cause of the aforesaid collision was the negligence of McCarthy, as described below:

   a.  He operated his vehicle in a careless and imprudent manner without due regard for the road, weather and traffic conditions then existing in violation of 21 Del. C. § 4176(a).

   b.  He failed to give full time and attention to the operation of his vehicle, and failed to maintain a proper lookout while operating his vehicle in violation of 21 Del. C. § 4176(b).

   c.  He failed to drive his vehicle on the right half of the roadway in violation of 21 Del. C. § 4114.

   d.  He failed to make his approach to a right turn and/or make the right turn as close as practicable to the right hand curb or edge of the roadway in violation of 21 Del. C.

§ 4152(a)(1).

      e.      He failed to maintain a proper lookout for other motor vehicles in violation of his common law duty to others on the roadway.

      f.      He failed to operate his vehicle under proper and adequate control at the time of the collision in violation of his common law duty to others on the roadway.

      g.      He failed to operate his vehicle as a reasonable and prudent person would under the circumstances described above in violation of his common law duty to others on the roadway.

      h.      He was otherwise negligent.

6.      Andrew Massarelli and Michelle Massarelli allege that they have suffered damages as a direct and proximate cause of the aforesaid collision.

7.      To the extent the United States is held liable to and pays Andrew Massarelli and/or Michelle Massarelli damages, McCarthy is liable for contribution to the United States as a joint tortfeasor.

WHEREFORE the United States demands judgment as follows:

      A.      Against Third-Party Defendant Budget Rent A Car Corporation for all sums that may be adjudged against the United States in favor of Andrew Massarelli and/or Michelle Massarelli; and, alternatively

      B.      Against Jeffrey McCarthy for his proportionate share of all sums that may be adjudged against the United States and paid to Andrew Massarelli and/or Michelle Massarelli.

      C.      Ordering such further and other relief the Court deems fair and just.

DATED: October 7, 2005

        Respectfully Submitted,

        Colm F. Connolly
        United States Attorney

By: /s/ Seth M. Beausang
    Seth M. Beausang (I.D. No. 4071)
    Assistant United States Attorney
    Attorney for the United States
    The Nemours Building
    1007 Orange Street, Suit 700
    P.O. Box 2046
    Wilmington, DE 19799-2046
    (302) 573-6277
    Seth.Beausang@usdoj.gov

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

2005 MAY -4 PM 2: 34

| | | |
|---|---|---|
| ANDREW MASSARELLI & MICHELLE MASSARELLI | : | C.A. No.: |
| Plaintiffs, | : | 05-266 |
| v. | : | JURY OF TWELVE DEMANDED |
| UNITED STATES OF AMERICA<br>Defendant. | : | |

## COMPLAINT

1. Plaintiff, Andrew and Michelle Massarelli, are individuals who reside at 201-A Franklin Street, Harrington, Delaware 19901.

2. Phillip Nguyen, is an individual who resides at 8019 Greenbury Drive, Greenbelt, Maryland 20770. At all times relevant hereto, Phillip Nguyen, was a Federal Employee, employed by the United States Department of Transportation, acting within the scope of his office or employment pursuant to 28 U.S.C. § 2679 (b)(1).

3. Plaintiff established this claim as a valid tort claim under the administrative settlement provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et. Seq. and the claim was denied by the United States Department of Transportation by letter dated November 15, 2004 pursuant to 28 U.S.C. § 2401 (b) and 28 C.F.R. §14.9. This suit is filed within six (6) months of the date of denial by United States Department of Transportation.

4. Defendant, United States of America, is hereby substituted as the sole defendant for Plaintiffs' claims pursuant to 28 U.S.C. § 2679(d)(1), (2).

5. On September 5, 2001, at approximately 10:25 a.m., Plaintiff, Andrew Massarelli, was a passenger in a City of Dover vehicle driven by Jeffrey McCarthy, attempting to make a right hand turn from northbound Fairview Avenue into an alley in Dover, Delaware.

6. The aforesaid time and place, Phillip Nguyen, was traveling behind Plaintiff Andrew Massarelli's vehicle and attempted to pass Plaintiff's vehicle on the right striking the right front side of Plaintiff's vehicle, resulting in serious personal injuries to the Plaintiff, Andrew Massarelli.

## COUNT I

### CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA

7. Paragraphs 1-6 are incorporated herein by reference.

8. The proximate cause of the aforesaid collision, on September 5, 2001, was the negligence of the Phillip Nguyen acting in his capacity as an employee of the United States of America, as follows:

    a. He operated his vehicle in a careless and imprudent manner without regard for the road, weather and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

    b. He failed to give full time and attention to the operation of his vehicle, in violation of 21 Del. C. §4176(b);

    c. He attempted to pass on the right, in violation of 21 Del. C. §4117.

    d. He failed to maintain a proper lookout for persons and/or other motor vehicles, in violation of his common law duty of care to others on the roadway;

    e. He failed to operate his vehicle under proper and adequate control at the time of the collision, in violation of his common law duty to others on the roadway;

    f. He failed to operate his vehicle as a reasonable and prudent person under the

circumstances describe herein above, in violation of his common law duty of care to others on the highway;

  g. Was otherwise negligent;

  h. As an employee of the Untied States of America his was acting in the Course and scope of his employment and the United States is therefore vicariously liable and/or responsible for the acts of Phillip Nguyen.

## COUNT III

### CLAIM OF PLAINTIFF, ANDREW MASSARELLI

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff, Andrew Massarelli, suffered severe personal injuries, both of a temporary and permanent nature. These injuries include, but are not necessarily limited to: neck and back injuries, and headaches.

11. The Plaintiff, Andrew Massarelli, has experienced, continues to experience, and is likely to experience in the future, substantial physical pain and suffering and discomfort.

12. As a further consequence of her injuries, the Plaintiff, Andrew Massarelli, has experienced, and is likely to experience in the future, emotional pain and suffering, anxiety and nervousness.

13. As a further result of the Defendants' negligence, the Plaintiff, Andrew Massarelli, has incurred and may in the future incur, medical bills for treatment of the injuries sustained in the collision.

14. As a further consequence of her injuries, the Plaintiff, Andrew Massarelli, has incurred and may incur in the future, lost wages and economic loss.

## COUNT V

### CLAIM OF PLAINTIFF MICHELL MASSARELLI

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. As a result of Plaintiff, Andrew Massarelli, aforesaid injuries, Plaintiff, Michelle Massarelli, lost the society, comfort and consortium of her husband, Andrew Massarelli, and she will continue to lose the society, comfort and consortium of her husband in the future.

WHEREFORE, the Plaintiff prays for judgment be entered against the Defendant for compensatory damages and the cost of bringing this action, along with any additional relief the Court my deem proper.

                        THE LAW OFFICE OF
                        WILLIAM F. JAWORSKI, L.L.C.

                        /s/ William F. Jaworski Jr.

By: _____
    WILLIAM F. JAWORSKI, JR.
    1274 S. Governors Ave.
    Dover, Delaware 19904
    (302) 730-8511
    Attorney for Plaintiff

DATED: 5/4/05

RECEIVED
U.S. ATTORNEY'S OFFICE
DISTRICT OF DELAWARE

2005 AUG -8 PM 12: 03